UNITED STATES of America, Plaintiff–Appellee,

v.

Richard Keith WINTERS, a/k/a Rick Winters, Defendant–Appellant.

**United States of America,
Plaintiff–Appellee,**

v.

**Glenn Totten, a/k/a Glenn Scott
Totten and Robert Clinton,
Defendant–Appellant.**

Nos. 07–50220, 07–50228.

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 2008.*

Filed May 15, 2008.

Before: NOONAN, W. FLETCHER,
GOULD, Circuit Judges.

MEMORANDUM **

Richard Keith Winters and Glenn Totten both appeal their below-guidelines sentences for mail fraud and wire fraud. Winters contends that sentencing reductions given to his codefendants in exchange for their guilty pleas impermissibly penalize his decision to go to trial, thereby violating his rights to due process and equal protection. Totten argues that the sentencing reductions given to these code-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

fendants create "unwarranted sentence disparities" under 18 U.S.C. § 3553(a)(6). He also argues that his sentence is excessive in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). Finally, Totten argues that the district court erred in ordering him jointly and severally liable for restitution to a credit card processor that suffered losses as a result of his fraud. We disagree with each of these arguments and affirm the district court.

▪ It is well-established that plea bargaining does not impermissibly burden trial rights. *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). A necessary corollary of plea bargaining is that defendants who go to trial may receive greater sentences than similarly situated defendants who do not. Winters' 48–month sentence, which was nine months below the applicable sentencing range, does not violate his rights to due process and equal protection.

▪ Nor do the sentencing reductions given Totten's codefendants render Totten's sentence unreasonable under 18 U.S.C. § 3553(a). Totten points to § 3553(a)(6), which directs the district court to consider the need to avoid "unwarranted sentence disparities." However, uniformity is only one of multiple factors that must be balanced by the district court. Acceptance of responsibility and assistance to the prosecution are other relevant factors. *See* U.S.S.G. §§ 3E1.1 & 5K1.1. Moreover, the goal of uniformity set forth in § 3553(a)(6) is a goal of national uniformity based on the sentencing guidelines. *See United States v. Saeteurn,* 504 F.3d 1175, 1181 (9th Cir.2007). A further reduction of Totten's below-guidelines sentence would actually undermine rather than further this goal. Finally, § 3553(a)(6) directs the district court to avoid only "unwarranted" disparities. A sentencing reduction based on an individual's acceptance of responsibility and assistance to the prosecution does not create an "unwarranted" disparity. The district court in this case clearly weighed the relative roles of each defendant. It found Totten's role to be significant and found that Totten had "lied extensively at trial." In light of these findings, and considering all of the § 3553(a) factors, Totten's sentence of 54 months, nine months below the applicable sentencing range, was not unreasonable.

▪ The district court did not err in ordering restitution to a credit card processor, Paradigm, for losses it incurred due to Totten's fraud. Paradigm was a "victim" under 18 U.S.C. §§ 3663 & 3663A because losses to a credit card processor are a "direct and foreseeable result" of fraudulent credit card charges. *United States v. Cummings,* 281 F.3d 1046, 1052 (9th Cir.2002). The district court did not abuse its discretion by holding Totten, together with two other codefendants, jointly and severally liable for restitution to Paradigm. Under 18 U.S.C. § 3664(h), the district court is free to assess liability jointly rather than individually. *See United States v. Booth,* 309 F.3d 566, 576 (9th Cir.2002).

AFFIRMED.